IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Nicholas Kelley Cain,<br><br>                    PETITIONER,<br>     v.<br><br>United States of America,<br><br>                    RESPONDENT. | Crim. No. 4:09-cr-00073-TLW-3<br>C/A No. 4:14-cv-1976-TLW<br><br>**Order** |

      This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Nicholas Kelley Cain ("Petitioner"). For the reasons stated below, the Court dismisses the petition.

**Factual and Procedural History**

      On May 27, 2009, a federal grand jury returned a Superseding Indictment against Petitioner and several codefendants charging him with drug offenses in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. (Doc. # 59). On July 22, 2009, the United States of America ("Government") filed an Information pursuant to 21 U.S.C. § 851 notifying Petitioner that the Government was seeking enhanced penalties based upon Petitioner's two prior South Carolina convictions for distribution of crack cocaine punishable for more than one year thus subjecting Petitioner to a statutory minimum sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A). (Doc. # 377). On July 28, 2009, a federal grand jury returned a Second Superseding Indictment charging Petitioner with drug offenses in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 and setting forth a forfeiture provision. (Doc. # 393).

      On October 30, 2009, Petitioner entered into a plea agreement with the Government in which he agreed to plead guilty to Count 1 of the Second Superseding Indictment. (Doc. # 606 ¶

1

1). The plea agreement contained, *inter alia*, an agreement from the Government to dismiss one of Petitioner's § 851 enhancements and a waiver provision wherein Petitioner agreed to waive the right to contest his conviction or sentence on direct appeal or other post-conviction actions, including § 2255. (Doc. # 606 at ¶¶ 12 and 14). On November 2, 2009, Defendant pled guilty to Count 1 of the Second Superseding Indictment, Conspiracy to Distribute and Possession with Intent to Distribute 50 or More Grams of Cocaine Base and 5 Kilograms of Cocaine in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846. (Doc. # 618).

On April 5, 2010, the Government moved for a downward departure from the United States Sentencing Commission Guidelines ("U.S.S.G.") range pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). (Doc. # 756). On April 14, 2010, the Court granted the Government's motion for a downward departure and sentenced Petitioner to one hundred and forty months imprisonment. (Docs. ## 821, 840). Petitioner did not appeal his conviction or sentence.

On June 19, 2013, the Government moved pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure for a reduction of Petitioner's sentence. (Doc. # 1180). On September 11, 2013, the Court granted the Government's motion and reduced Petitioner's sentence from one hundred forty months to one hundred and fourteen months. (Doc. # 1219).

On November 3, 2014, Petitioner filed this motion under 28 U.S.C. § 2255, stating six grounds for relief: (1) the indictment was insufficient on its face for failing to state specific facts identifying a specific transaction claimed to be a drug crime; (2) the plea agreement was not entered into freely and voluntarily; (3) ineffective assistance of counsel in plea negotiations; (4) ineffective assistance of counsel due to counsel's conflict of interest; (5) he should be resentenced in light of *Alleyne v. United States,* 133 S.Ct. 2151 (2013)*;* and (6) he was improperly designated as a career offender because one his prior predicate offenses does not qualify as a crime of

violence.

On August 22, 2014, the Government filed its response and moved to dismiss Petitioner's claims. (Doc. # 1320). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed January 13, 2015 that he had thirty-four (34) days to file material in opposition to the Government's motion. (Doc. # 1358). Petitioner filed a two paragraph "response" on February 13, 2015. (Doc. # 1374). Petitioner's "response" did not oppose the Government's motion to dismiss.

The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In *Leano*, the District Court noted that this is "the proof needed to allege a constitutional error, and that '"[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a

fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano*, 334 F. Supp. 2d at 890 (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. This Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## Standard of Review

Petitioner brings this petition pro se. Courts are required to construe liberally pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

The Government argues that Petitioner's § 2255 motion should be dismissed as untimely insomuch as it was filed more than one year after Petitioner's conviction became final. The Court agrees.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation within which a petitioner must bring any federal habeas corpus petition. 28 U.S.C. § 2255. According to the statute, the limitation period shall run to the last of:

1. The date on which the judgment of conviction becomes final;

    2.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    3.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    4.    The date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255 (f) (1)-(4).

Where there is no direct appeal, the judgment of conviction becomes final when the fourteen day notice of appeal period expires. *See Sherill v. United States*, 2006 WL 462092 at *1 (W.D.N.C. Feb. 23, 2006); *see also* Fed. R. App. P. 4(b)(1)(A), (criminal defendants now have fourteen (14) days to notice an appeal).

Here, Petitioner's judgment of conviction was entered on April 19, 2010, and Petitioner did not appeal his conviction. (Doc. # 840). As such, Petitioner's judgment became final on or about May 3, 2010, and Petitioner's one year limitation period to file under § 2255 expired one year later, on or about May 3, 2011. As noted, Petitioner did not file this § 2255 action until May 16, 2014. (Doc. # 1301). That is more than three years after expiration of the limitation period.

In Petitioner's response, he does not address the lateness of his filing. Nor does this Court's review of the record reveal any viable grounds supporting an equitable tolling of the applicable one-year limitation period.[1] The Court therefore concludes that the presumptive

---

[1] The Fourth Circuit recognizes that the statute of limitations governing § 2255 petitions is subject to a doctrine of equitable tolling that allows a federal court to forego a strict application of the limitations period in the interests of equity. *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). However, this doctrine does "not extend to garden variety claims of excusable neglect." *Rouse*, 339 F.3d at 246 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Rather, a petitioner may invoke relief under the doctrine in two generally distinct situations. *Harris*, 209 F.3d at 330. The petitioner must show either: (1) that the Government engaged in some form of wrongful conduct that prevented him from filing his motion; or (2) that "extraordinary circumstances" beyond his control made it impossible to file his motion on time. *See id*. In general, the doctrine is reserved for "rare instances where . . . it would be unconscionable to enforce the limitation against the party and gross injustice would result." *Id*.

one-year statute of limitations governing § 2255 petitions should apply to and does bar this action.[2]

## CONCLUSION

For the reasons stated, the Government's Motion to Dismiss is GRANTED, and Petitioner's Motion for relief pursuant to § 2255 is DENIED. This action is hereby DISMISSED.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

---

[2] The Court notes that even if his petition were not barred as untimely, Petitioner would not be entitled to relief for the reasons set forth by the Government. Specifically, Petitioner's agreement to the § 2255 waiver in the plea agreement is enforceable as to all Petitioner's grounds for relief except Grounds 3 and 4 that assert ineffective assistance of counsel. *See e.g., U.S. v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005). Petitioner's Grounds 1 and 2 are direct appeal issues and are procedurally barred. *Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604 (1998). Petitioner's Ground 3 that he received ineffective assistance of counsel in plea negotiations, based on *Missouri v. Frye*, 566 U.S. ___, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012) is untimely even if these cases extended the statute of limitations, since Petitioner's petition was filed more than two years after the date of the *Lafler* and *Frye* decisions. Petitioner's Ground 4 that he received ineffective assistance of counsel because his attorney had conflict of interest issues has no merit as Petitioner sets forth a bald assertion without any facts to support his claim. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Petitioner's Ground 5 fails because *Alleyne* does not apply retroactively to cases on collateral review. *Henry v. United States*, 2014 WL 3799728 at *2 (D.S.C. July 31, 2014). Finally, Petitioner's reliance on *Descamps v. United States*, 133 S. Ct. 2277 (2013), for Ground 6 has no merit as he was determined to be a career offender based on his prior felony drug convictions, not because any of his prior convictions were designated as crimes of violence.

**IT IS SO ORDERED**.

                <u>*s/Terry L. Wooten*     </u>
                Terry L. Wooten
                Chief United States District Judge

December 9, 2015
Columbia, South Carolina